IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUDLEY JACQUET, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| OFFICER LEE *et al.*, *Defendants* | : : : | No. 22-1710 |

## ORDER

AND NOW, this 26th day of June, 2023, upon consideration of the December 20, 2022 Notice to Plaintiff (Doc. No. 15), the April 29, 2023 Notice to Plaintiff (Doc. No. 19), and Mr. Jacquet's failure to respond to such notices, it is **ORDERED** that:

1. The above-captioned case is **REMOVED** from the Prisoner Civil Rights Panel.

2. This litigation is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

3. The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.[1]

---

[1] Mr. Jacquet filed his *pro se* complaint in May 2022 and filed a Motion for Appointment of Counsel. Doc. Nos. 2 & 4. On August 15, 2022, the Court granted Mr. Dudley's Motion for Appointment of Counsel (Doc. No. 25), directed the Clerk of Court to present his case for consideration by the Prisoner Civil Rights Panel, and ordered his case to be placed in suspense. Doc. No. 14. On December 20, 2022, the Prisoner Civil Rights Panel administrator notified Mr. Jacquet that no lawyer had agreed to represent him in this case and directed Mr. Jacquet to file a notice to the Court if he wanted to continue waiting for representation. Doc. No. 15. The administrator's notice was returned as unable to forward because Mr. Jacquet had been released from custody at Lancaster County Prison. Doc. No. 16. A similar notice to Mr. Jacquet issued on April 18, 2023 yielded the same result—Mr. Jacquet's location remained unknown, and thus he did not file a notice with the Court indicating his intention to wait for representation or proceed *pro se* in this case. Doc. Nos. 19 & 20.

"Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if a litigant fails to prosecute his case or to comply with a court order." *See Semulka v. Doe*, 373 F. App'x 138, 140 (3d Cir. 2010). Before doing so, the Court balances the following factors: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Because he is representing himself, despite his efforts to obtain counsel, Mr. Jacquet is personally responsible for moving this case forward. His apparent failure to update the Court as to his current address has, unfortunately, frustrated the progress and resolution of this case for six months. Although the Court cannot find that Mr. Jacquet has willfully engaged in dilatory conduct or acted in bad faith, given the early

It is so **ORDERED**.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

stage of the case, there are no lesser sanctions that would be more effective in these circumstances, nor can the Court determine the meritoriousness of his claims. Acknowledging that there is no "magic formula" or "mechanical calculation" in balancing these factors, the Court finds that dismissal without prejudice is appropriate here. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

2